**Robert R. THOMAS, individually and on behalf of a class of all similarly situated current and former Plan Participants and Beneficiaries, Plaintiffs,**

v.

**ARIS CORPORATION OF AMERICA, et al., Defendants.**

**No. 4:CV–02–1455.**

United States District Court, M.D. Pennsylvania.

Nov. 17, 2003.

Charles T. Young, Jr., McNees, Wallace & Wallace LLC, Jonathan H. Rudd, McNees, Wallace & Nurick, Harrisburg, PA, for Plaintiffs.

Brian T. Ortelere, Morgan, Lewis & Bockius LLP, Philadelphia, PA, G. Scott Paterno, Morgan, Lewis & Bockius LLP, Harrisburg, PA, Jeremy P. Blumenfeld, Morgan, Lewis & Bockius, John Soumilas, Morgan, Lewis & Bockius LLP, Philadelphia, PA, Michael A. Finio, Saul Ewing LLP, Paige Macdonald–Matthes, Saul Ewing LLP, Harrisburg, PA, Christopher M. Scalia, Morgan, Lewis & Bockius L.L.P., Philadelphia, PA, Claudia A. Moreno, Morgan, Lewis & Bockius LLP, Vincent Candiello, Morgan, Lewis & Bockius LLP, Harrisburg, PA, J. David Smith, McCormick Law Firm, Williamsport, PA, for Defendants.

## ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 19, 2002, Plaintiff Robert R. Thomas filed the original complaint in this case. On December 12, 2002, he filed an amended complaint containing four claims. A second amendment to the complaint was submitted on August 5, 2003, when Thomas altered the caption to reflect that Keith L. Weir and Robert E. McNichol were named Defendants.

On September 15, 2003, Thomas filed a motion to certify this case as a class action with respect to the claims in counts 3 and 4 of the second amended complaint. A supporting brief was filed with the motion. An appendix of supporting exhibits was filed on September 25, 2003. In those documents Thomas seeks to certify the following class in connection with the claims in counts 3 and 4 of the amended complaint:

> All current and former Participants and Beneficiaries who own Aris stock as part of the Aris Corporation of America 401(k) Profit Sharing Plan [hereinafter "Plan"], or who rolled over the Aris stock into an IRA or some other qualified retirement plan or account and still maintain the Aris stock as part of the IRA or other qualified retirement plan or account.

(Document 118, p. 3)

The Defendants filed an opposition brief and exhibits on October 14, 2003. On October 31, 2003, Thomas filed a reply brief and he also attempted electronically to file additional exhibits. The attempt to file his exhibits electronically was unsuccessful. On October 31, 2003, he filed paper copies of the exhibits in Harrisburg, Pennsylvania. We received those exhibits on November 6, 2003, and Thomas's motion to certify this case as a class action became ripe on that date.

Before addressing the merits of Thomas's motion, we briefly detail the two claims which Thomas seeks to pursue on behalf of a class. The claim in count 3 is based on the Defendants' various alleged violations of the fiduciary duties imposed upon them by 29 U.S.C. § 1104.[1] (Document 27, p. 45) The Court of Appeals has repeatedly held that

---

1. We acknowledge that Thomas also cites 29 U.S.C. § 1105 in count 3. However, that section

[a]n employee may recover for a breach of fiduciary duty if he or she proves that an employer, acting as a fiduciary, made a material misrepresentation that would confuse a reasonable beneficiary about his or her benefits, and the beneficiary acted thereupon to his or her detriment. . . .

Given these elements of a claim for breach of fiduciary duty in this context, it necessarily follows that any breach that may have occurred was completed, and a claim based thereon accrued, no later than the date upon which the employee relied to his detriment on the misrepresentations.

*In re Unisys Corp. Retiree Medical Benefit ERISA Litigation,* 242 F.3d 497, 505–506 (3d Cir.2001) (citations omitted).

The claim in count 4 is based on the Defendants' alleged insider trading activities and it has been brought pursuant to a number of securities law statutes, including Section 20A of the 1988 Insider Trading Act, which has been codified at 15 U.S.C. § 78t-1. The statute "provides that an insider who trades stock 'while in possession of material, non-public information' is liable to any person who traded contemporaneously with the insider." *In re Advanta Corp. Secs. Lit.,* 180 F.3d 525, 541 (3d Cir.1999) (citing 15 U.S.C.A. § 78t-1(a) (West Supp.1999)). Although Thomas disputes the point, the controlling case law indicates that, in a case such as this one, detrimental reliance is also an element of a securities fraud claim, such as that in count 4 of his complaint. *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 365–366 (3d Cir.2002) (denying Rule 12(b)(6) motion to dismiss because "complaint adequately pled the reliance element of a securities fraud claim").

The fundamental grounds for both of the claims in counts 3 and 4 are that

(1) Aris stock was an inappropriate investment option for the Plan Participants because the stock could not be sold; (2) the Aris Defendants breached their fiduciary duties by selecting Aris stock as an investment option; and (3) the Aris Defendants knowingly and intentionally made mis-

statements and omissions of material fact concerning the marketability of Aris stock and the ability to sell Aris stock held through the 401(k) Plan.

(Document 118, p. 2)

We next consider the sources of information upon which we may rely in considering a motion to certify a class action. The United States Supreme Court has commented that

[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.

*General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). In *Falcon* the United States Supreme Court "reiterate[d] . . . that a Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.,* 457 U.S. at 161, 102 S.Ct. at 2372.

On a related point we note that

[p]recision in pleading is essential because " 'without reasonable specificity the court cannot define the class, cannot determine whether the representation is adequate, . . . and because an overbroad class carries potential for unfairness to class members.' "

*Kresefky v. Panasonic Communications and Systems Co.,* 169 F.R.D. 54, 62 (D.N.J.1996) (Wolin, J.) (quoting *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982)).

Those concepts are important in this case because, although Thomas lists at length in his complaint the various ways the Defendants' allegedly violated their fiduciary duties, there is no specific reference in the amended complaint to any violation based on the manner in which the Defendants valued

merely provides for a derivative cause of action which is ultimately based upon a violation of a

duty imposed by 29 U.S.C. § 1104.

Aris stock when they sold it. However, in the documents he filed in connection with his motion to certify counts 3 and 4 as class action, Thomas repeatedly references such a claim. The failure to specify such a claim in the amended complaint leads us to question the contours of the claims set forth therein. This observation further makes it difficult for us to determine the precise definition of the class to certify, if any. Despite that obstacle we proceed to the merits of Thomas's motion.

Federal Rule of Civil Procedure 23, entitled "Class Actions," governs our consideration of the pending motion. In order to be entitled to a grant of the motion, Thomas has the burden of "establish[ing] that all four requisites of Rule 23(a) and least one part of Rule 23(b) are met." *Baby Neal For and By Kanter v. Casey,* 43 F.3d 48, 55 (3d Cir.1994) (citing *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239 (3d Cir.), *cert denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975)).

The requirements set forth in Rule 23(a) are that

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The arguments asserted by the Defendants pertaining to that rule relate only to the third and fourth elements set forth therein. Consequently, we address only those factors and deem the Defendants not to oppose Thomas's motion based on the first two prongs of the rule. Furthermore, our review of the file in this case indicates that the first two elements have been met.

For the purposes of ruling on Thomas's motion to certify counts 3 and 4 as class action claims, it is significant that in both of those counts Thomas expressly alleges that "Aris failed to advise or represent to Thomas or the Plan Participants in writing that there were any limitations or restrictions on transferring or selling Aris stock." (Amended Complaint, Document 47, pp. 44, 46, ¶¶ 159, 167) In essence, Thomas asserts that the Defendants withheld certain information

from the Plan's participants and beneficiaries *before* they invested in Aris stock, and that the Defendants *never* provided them with that information. The information at issue is the inability to sell Aris stock.

The third element set forth in Rule 23(a), commonly referred to as "typicality," "focuses on 'whether the named plaintiff's individual circumstances are markedly different *or* . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based.'" *Baby Neal For and By Kanter v. Casey,* 43 F.3d 48, 57–58 (3d Cir.1994) (emphasis added). "Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." *Id.* at 58 (quotation omitted).

The Court of Appeals for the Third Circuit in *Baby Neal* interpreted the United States Supreme Court's decision in *Falcon, supra.,* to "requir[e] that the class representative prove that there is a pervasive violation and that the various injuries alleged all stem from that common violation." *Id.*

The Defendants contend that Thomas's claims are atypical of the purported class's for various reasons. They initially argue that Thomas's claims are materially different because there was no uniform failure to disclose the restrictions on trading Aris stock before any Plan participant invested in Aris stock. In support of that argument the Defendants have provided us with the deposition transcripts of various potential class members establishing that those individuals did in fact receive notice that Aris stock could not be sold before they bought any Aris stock. The Defendants have established that many putative class members knew about the restrictions on Aris stock before they purchased the stock via the Plan.

Similarly, the Defendants have shown that Aris disclosed in documents the restrictions on its stock. Thomas's claim differs because he alleges that he never received the cited documents. An additional distinction is that Thomas bases his ERISA claim, in part, upon a document which had been sent only to

him. (Amended Complaint, Document 27, p. 10, ¶ 37) No other putative class member received that document.

The facts noted above are material to the assessment of Thomas's circumstances in relation to the circumstances of other class members because those facts relate directly to a fundamental element of Thomas's claims in counts 3 and 4 of his complaint (i.e., each Plaintiff's reliance upon the asserted misrepresentations and omissions). The Court of Appeals for the Third Circuit has held that, in the context of an ERISA claim, a plan participant's detrimental reliance upon the representation or omission of a fiduciary may not be presumed. *In re Unisys Corp. Retiree Medical Benefits Litigation*, 2003 WL 252106 *5, n. 13 (E.D.Pa. Feb.4, 2003) (Kauffman, J.) ("Contrary to Plaintiff's contention, reliance may not be presumed in this [ERISA] case.") (citing *In re Unisys Corp. Retiree Medical Benefit ERISA Litigation*, 242 F.3d 497, 509 (3d Cir.2001)).

Thomas's position appears to be based on the assertion that all he need establish in order to recover is an error or omission in the original plan documents (i.e., the fact that the Defendants failed initially to advise any Plan participant or beneficiary of the restrictions on trading Aris stock before the plaintiff invested in that stock). Thomas's position is flawed because he, and every other member of the putative class, is required to establish additional elements, such as reliance, in order to establish any viable claim.

The Court of Appeals for the Third Circuit has held that under certain circumstances a fiduciary may not be liable for the breach of a fiduciary duty imposed by ERISA if the fiduciary demonstrates that the plan participant did not rely to his or her detriment upon the violation. *In re Unisys Sav. Plan Litig.*, 74 F.3d 420 (3d Cir.1996). The holding of that case applies to ERISA plans, such as the one in this case, which allow a participant or beneficiary to exercise control over the assets in the account. *Id.* The Code of Federal Regulations expressly provides that "the fiduciaries of the plan may be relieved of liability for any losses which are the direct and necessary result of investment instructions given by such participant or beneficia-

ry." Title 29 C.F.R. § 2550.404(c)–1(b)(2)(1)(i).

The Defendants here assert that such a defense applies to some of the claims asserted by potential class members. While we make no final determination at this point as to whether such a defense may apply in this case, based on the information submitted to us at this time it is conceivable that such a defense may be asserted, at least in response to some of the putative class members' claims.

At this point it is necessary to conclude only that the possibility of such a defense renders the potential class members' claims significantly different from and atypical of Thomas's claim. *See Wall v. Sunoco, Inc.*, 211 F.R.D. 272, 278 (M.D.Pa.2002) (Munley, J.) (denying motion to certify class action in part because defenses potentially applicable to class representative were not applicable to all putative class members). We may not presume that the prerequisites of Rule 23(a) have been met. *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982) ("actual, not presumed, conformance with Rule 23(a) remains, however, indispensable"). Thomas's ERISA and securities fraud claims appear *not* to arise from the same event or practice or course of conduct.

To summarize our conclusions here, Thomas has not demonstrated that there is a single pervasive violation and that the various injuries alleged on behalf of all the class members all stem from that common violation. In the event that a fiduciary cured the alleged initial violation by subsequently providing the information at issue to a Plan participant or beneficiary before a Plan participant bought ARIS stock, that participant may not have any claim whatsoever. In any event, resolving that issue would require obtaining the testimony of each potential class member. Those same potential circumstances would negate any showing of detrimental reliance with respect to the securities fraud claim.

In the context of Thomas's motion to certify any claim as a class action, he bears the burden of establishing that his claims are

typical of those to be asserted by the class members. Thomas has not met that burden because, based on the information presented to us, the circumstances giving rise to Thomas's individual claims differ markedly from those giving rise to the potential class members' claims.

Because Thomas has not met the typicality requirement in Rule 23(a) we will deny his motion to certify the claims in Counts 3 and 4 as class action claims.

NOW, THEREFORE, IT IS ORDERED THAT:

Thomas's motion (Document 118) for class certification is denied.